IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENELL D. HENIX (#08553-035), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2606 |
| | § | |
| WARDEN JOYCE FRANCIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Federal inmate Jenell D. Henix filed this case originally seeking habeas corpus relief under 28 U.S.C. § 2241 from a prison policy governing consideration for assignment to a pre-release confinement facility. On October 6, 2005, this Court granted the respondent's motion to dismiss and denied the petitioner's request for habeas corpus relief. Pending before the Court is a new "motion" for a writ of habeas corpus under 28 U.S.C. § 2241. (Docket Entry Nos. 22, 23).[1] The petitioner also seeks in that motion class action certification and appointment of counsel. In a separate motion, the petitioner seeks leave to proceed *in forma pauperis*. (Docket Entry No. 21). The petitioner's motions are **denied** for reasons set forth briefly below.

Henix's primary motion for a writ of habeas corpus seeks – again – to challenge a policy adopted by the United States Bureau of Prisons (the "BOP") in February of 2005, concerning consideration for pre-release confinement. Whereas her initial petition

---

[1] The Clerk's Office has docketed the same motion twice. (Docket Entry Nos. 22, 23). Unless indicated otherwise, the petitioner requests all relief described herein in the same document.

challenged the policy's retroactive application to decisions about consideration for placement in a community corrections center ("CCC"), sometimes referred to as a halfway house, her new motion includes the policy for placement in both CCC facilities and home confinement.

This case has been closed for several months and the judgment has become final. The petitioner does not take issue with the Court's previous order, which denied relief and dismissed this case with prejudice. In that respect, the motion does not seek to alter, amend, or otherwise set aside the final judgment in this case under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.

To the extent that the petitioner's pending motion could be construed as a request for leave to amend the original petition, she fails to present any valid argument for allowing an amendment to her claims at this late date, long after the respondent has filed an answer and the Court has dismissed the original petition on the merits. When a district court dismisses an action and enters a final judgment, "a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60." *Rosenzweig v. Azurix*, 332 F.3d 854, 864 (5th Cir. 2003) (citations omitted). Because the Court dismissed this action with a final judgment, the petitioner's attempt to amend the complaint is governed by Rule 60(b) of the Federal Rules of Civil Procedure consistent with the considerations outlined by Rule 15(a).[2] *Rosenzweig*, 332 F.3d at 864. Those considerations include: "undue delay, bad faith or dilatory motive on the part of the movant,

---

[2] Because the petitioner's new motion was filed more than ten days after the judgment became final, Rule 59 of the Federal Rules of Civil Procedure does not apply.

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The claims raised by the petitioner in her new motion challenge the same policy at issue previously. That policy is discussed at length in the Court's Memorandum and Order dated October 6, 2005, and will not be repeated here. (Docket Entry No. 16). It is sufficient to note that, in that same order, the Court has already rejected claims similar to those theories that the petitioner now advances. The petitioner's new motion does not challenge the validity of the policy. Instead, she objects that retroactive application of the policy to her violates her right to due process, equal protection, and the Ex Post Facto Clause of the United States Constitution. Each of the claims raised by the petitioner in her new motion fail for reasons set forth briefly below.

The petitioner asserts that she has a right under 18 U.S.C. § 3624(c) to spend the last six months of her term of imprisonment in a CCC or in home confinement. She argues that, by postponing her transfer to a more favorable penal facility, the February 2005 policy deprives her of a right protected by the Due Process Clause. A prisoner does not have a constitutionally protected liberty interest in his or her place of incarceration. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Likewise, there is no right to placement in any particular pre-release program. *See Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992); *see also Galati v. Federal Bureau of Prisons*, No. Civ. A. 05-3241, 2005 WL 2129645, *5 (D.N.J. Aug. 31, 2005)

3

("Petitioner is not entitled under § 3624(c) to serve the last six months of his term of imprisonment in a CCC or home confinement"). For these reasons, the petitioner has not alleged a viable due process claim.

The petitioner argues that, by postponing her transfer to a CCC or to home confinement, the February 2005 policy deprives her of the right to equal protection. The Equal Protection Clause essentially mandates that all persons similarly situated be treated alike. *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). To state an equal protection claim the petitioner must allege that similarly situated individuals were treated differently. *See Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997). The petitioner provides conclusory allegations that another inmate has been treated more favorably, but she does not include facts showing that this other inmate is similarly situated. Thus, the petitioner does not demonstrate that she has been treated differently under the policy than other, similarly situated prisoners for purposes of establishing an equal protection claim.

Finally, the petitioner argues that the retroactive application of the February 2005 policy to her sentence violates the prohibition against ex post facto laws found in the United States Constitution because delaying her release to a CCC or home confinement constitutes a "disadvantage." Her argument is without merit. The policy does not retroactively cancel credits toward early release that the petitioner already has earned or remove an opportunity for early release for which the petitioner already has been found eligible. *See, e.g. Lynce v. Mathis*, 519 U.S. 433 (1997) (invalidating a state statute as an ex post facto law where the

enactment retroactively revoked "gain time credits" previously earned by a prisoner who had been released on parole, such that he was returned to prison). Nor was it intended to increase the punishment previously imposed. Thus, the policy's application to the petitioner poses no ex post facto violation because there has been no change to the applicable statutes and no increase to the punishment imposed. *See California Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n.3 (1995) (citation omitted); *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998) (quoting *Morales*).

The petitioner argues further that any retroactive application of the February 2005 policy to her sentence is improper under *Bowen v. Georgetown University Hospital*, 488 U.S. 204 (1998). The retroactivity of penal legislation is regulated by specific provisions of the United States Constitution found in the Ex Post Facto Clause. *See* Norman J. Singer, *Statutes and Statutory Construction* § 41.3 at 382-83 (6th ed. 2001). The petitioner cites no authority showing that the Supreme Court's decision in *Bowen*, which applied general retroactivity principles to the application of a civil administrative rule regarding reimbursement of costs under the Medicare program, prohibits a penal administrative rule that would otherwise pass muster under the Ex Post Facto Clause. Absent the violation of a specific constitutional provision, the Court is not persuaded that a retroactive application of the policy is prohibited by the holding in *Bowen.*

Even if the rule in *Bowen* were applicable, the petitioner still fails to show that she is entitled to relief under that decision. In *Bowen*, the Supreme Court noted that agency rules typically will not apply retroactively in the absence of express statutory authorization. *See*

5

488 U.S. at 208. The Court would later clarify that a law does not operate retroactively merely because it is applied in a case arising from conduct antedating the enactment. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 269 (1994). Under this enquiry, a rule is retroactive if it takes away or impairs "vested rights acquired under existing laws," or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past. *Id*. (quotation omitted).

The petitioner in this case has not yet reached the final ten percent of her sentence, making her eligible for consideration by the BOP for transfer to a CCC or home confinement. As a matter of law, decisions regarding a prisoner's designation by the BOP are made in an exercise of the agency's discretion. *See United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995) (declining to consider a defendant's request for home confinement "because such requests are properly directed to the Bureau of Prisons") (citing 18 U.S.C. § 3624(c), which provides that the Bureau of Prisons has authority to "place a prisoner in home confinement"); *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."), *cert. denied*, 510 U.S. 830 (1993). Neither the Constitution nor the statutes or administrative policies at issue create an absolute right to the transfer that the petitioner seeks. *See Olim*, 461 U.S. at 245-46; *Meachum*, 427 U.S. at 224-25; *Prows*, 981 F.2d at 469. Under these circumstances, the petitioner fails to allege or show that any change in policy infringed a vested or protected right or that an application of the February 2005 regulations otherwise violates the Ex Post

Facto Clause.[3]   Absent a showing that the February 2005 policy has violated her constitutional rights, the petitioner fails to state a valid claim for federal habeas corpus relief.

Because the petitioner fails to state a valid claim, she fails to demonstrate that she is entitled to relief from the final judgment under either Rule 59(e) or Rule 60(b).  It further follows that it would be futile to allow an amendment. As a result, the petitioner fails to show that this Court has jurisdiction to reopen this closed case.

Therefore, based on the foregoing, it is **ORDERED** that her motion for a writ of habeas corpus (Docket Entry Nos. 22, 23) is **DENIED**.

It is further **ORDERED** that the petitioner's requests for class certification and for appointment of counsel (Docket Entry Nos. 22, 23) are **DENIED**.

In addition, because the petitioner has already received leave to proceed as a pauper in this case, her motion for leave to proceed *in forma pauperis* (Docket Entry No. 21) is **MOOT**.

The Clerk will provide copies to the parties.

---

[3] In making her argument that *Bowen* invalidates a retroactive application of the February 2005 policy, the petitioner suggests that the policy should not apply to her because it was adopted in violation of the notice-and-comment requirement found in the Administrative Procedures Act (the "APA").  This assertion is without merit, as the February 2005 policy was published in the Federal Register with a period of notice and comment.  *See Community Confinement*, 69 Fed. Reg. 51213 (Aug. 18, 2004) (proposed rule); *Community Confinement*, 70 Fed. Reg. 1659 (Jan. 10, 2005).  Other courts addressing this issue have also found that the new regulations promulgated under the February 2005 policy were published in compliance with the APA.  *See Moss v. Apker*, 376 F. Supp. 2d 416, 422 (S.D.N.Y. 2005); *Wiesel v. Menifee*, No. Civ. 9681, 2005 WL 1036297, *6 (S.D.N.Y. May 2, 2005); *DeFrancesco v. Federal Bureau of Prisons*, No. Civ. A. 05-1780, 2005 WL 1712020, *5 (D.N.J. July 20, 2005); *Jackson v. Federal Bureau of Prisons*, No. Civ. A. 05-2339, 2005 WL 1705775, *5 (D.N.J. July 20, 2005).

SIGNED at Houston, Texas on **January 25, 2006.**

_____
Nancy F. Atlas
United States District Judge